**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X

**THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS WELFARE FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS VACATION FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS CHARITY FUND and THE NEW YORK CITY AND VICINITY CARPENTERS LABOR MANAGEMENT AND COOPERATION FUND, by MICHAEL J. FORDE and PAUL O'BRIEN, as TRUSTEES,**

**Plaintiffs,**

**AFFIDAVIT IN OPPOSITION TO MAIN MOTION AND IN SUPPORT OF CROSS-MOTION**

**-against-**

**B&A INTERIORS, LTD.,**

**Defendant.**

-----------------------------------------------------------------------X

**STATE OF NEW YORK** )
) **ss.:**
**COUNTY OF KINGS** )

**RICHARD S. BONFIGLIO, ESQ.**, an attorney duly admitted to practice in the United States District Court for the Southern District of New York, pursuant to **28 U.S.C. §1746 and Fed.R.Civ.P. 43(d)** certifies the following to be true under the penalties of perjury:

1. Your deponent is the attorney of record for Defendant, **B&A INTERIORS, LTD.**, and makes this Affirmation of his own personal knowledge, except as to matters hereinafter alleged to be upon information and belief, and as to those matters he believes them to be true.

2. Your deponent makes this Affirmation in Opposition to the Plaintiffs' motion, brought on by Order to Show Cause, which seeks to enter judgment against the Defendant as a result of an alleged default in answering the Plaintiff's complaint, which seeks to enter judgment on an arbitration award made on default in appearance thereon; and in Support of the Defendant's Cross-Motion to vacate both the Defendant's default in pleading in the instant action and the Defendant's Default in appearing at the Arbitration, upon the grounds hereinafter set forth at length herein.

3. Your deponent was engaged by Defendant, **B&A INTERIORS, LTD.**, after it received notice of an Arbitrator's Opinion and Award dated February 20, 2007, which award was made after a default in appearing by the Defendant Corporation in the manner set forth at length in the Corporation's sole shareholder and officer's Affidavit.

4. Shortly after your deponent's retention, and specifically, on March 13, 2007, he wrote to the Plaintiffs' counsel, apprising them of the reason for Defendant Corporation's failure to appear at the Arbitration, and requested their consent to vacate same, in exchange for the Defendant Corporation's payment of the Arbitrator's fee for the date it failed to appear. A true, correct and complete copy of that letter is annexed hereto as **Exhibit 1** and made a part hereof.

5. Your deponent received no response until May 24, 2007, at which time he received a call from Andrew Grabois, Esq., who advised he was unwilling to vacate the Arbitration Award, but, rather, proposed that the Defendant Corporation contact Plaintiffs' accountants and submit to another audit.

6. Your deponent communicated this offer to his client; however, as was aptly noted in the annexed Affidavit of Mr. Caperna, the Plaintiffs had already audited all of the periods of consequence in this matter, and needed only to furnish the Defendant Corporation with sufficient

documentation of their alleged deficiencies for all periods already audited so as to permit the Defendant Corporation to interpose a defense.

7. As your deponent was actively engaged in preparation for an extensive round of depositions in an unrelated matter, at the time he advised the Defendant Corporation of his conversation with Mr. Grabois, no conversation was had with him regarding the position taken by his client.

8. Nevertheless, by letter dated June 12, 2007, Plaintiffs' counsel advised your deponent of their intention to commence an action to confirm the Arbitration Award, in response to which your deponent advised his client that upon service of process for same, application could be made to vacate the default in appearing at the Arbitration, for the reasons set forth at length in the annexed Affidavit of Mr. Caperna. A true, correct and complete copy of that letter is annexed hereto as **Exhibit 2** and made a part hereof.

9. For the reasons set forth at length in the annexed Affidavit of Mr. Caperna, although the Plaintiffs did apparently commence an action to confirm the Arbitration Award, timely notice of same was never received by the Defendant Corporation, most notably due to service of the Summons and Complaint having been effectuated by service upon the Secretary of State, and the Defendant Corporation having relocated since furnishing an address for service, without advising the Secretary of State of same.

10. Instead, notice of the Plaintiffs' motion to enter default judgment was received by the Defendant Corporation, when same was served by regular mail addressed to the Corporation at its current business address.

11. Your deponent notes that despite his having advised Plaintiffs' counsel of his

appearance on behalf of the Defendant Corporation, he was neither requested to accept service of the Summons and Complaint on behalf of same nor mailed a courtesy copy of the pleadings. Your deponent notes further that the within action was commenced the day after dispatch of Mr. Grabois' letter, and accordingly before any response could be made thereto.

12. Your deponent is confident that this Court is well aware of its inherent power to vacate both the Defendant Corporation's default in answering the complaint in this action as well as its default in appearing at the Arbitration, and the grounds upon which such relief may be granted, such that request is made hereby to dispense with service of a Memorandum of Law.

13. Your deponent verily believes that the Affidavit of Mr. Caperna establishes with particularity each of the elements required to vacate both defaults. Specifically, same shows that:

A. The Defendant Corporation has records which clearly refute the assertions of Plaintiffs as regards the hours of the two employees for whom sufficient particulars were provided to enable rebuttal evidence to be provided.

B. The balance of Plaintiffs' claims were utterly lacking in sufficient detail so as to permit similar rebuttal evidence to be provided.

C. The Defendant Corporation's efforts to secure such particularity, in advance of the scheduled Arbitration.

D. The Plaintiffs' failure to provide that particularity at any time after it was requested.

E. The circumstances upon which the Defendant Corporation failed to appear at the scheduled Arbitration, which are not indicative of an intentional default, but rather a clerical mistake, and under circumstances where the

Defendant Corporation had demonstrably asserted a defense to the Plaintiffs' asserted deficiencies.

F. The circumstances upon which the Defendant Corporation failed to answer the Plaintiffs' complaint, again, with a demonstration that same was not due to intentional neglect, but rather to lack of actual notice.

G. That the Defendant Corporation has timely moved to vacate its defaults in appearing and pleading.

15. Annexed hereto as **Exhibit 3** and made a part hereof is a proposed Answer, Affirmative Defenses and Counter-Claim that would be interposed to the Plaintiffs' Complaint if the within application to vacate the Defendant Corporation's default in pleading were granted.

16. Same sets forth a basis upon which the Defendant Corporation's default in appearing at the Arbitration could likewise be granted.

17. On the basis of the foregoing, your deponent respectfully submits that the interests of justice require that this Court grant the applications for *vacatur* and permit this controversy to be determined on the merits.

**WHEREFORE**, for all of the foregoing reasons, your deponent respectfully requests that the Plaintiffs' Motion be denied in all respects, that the Defendant Corporation's Cross-Motion be granted in all respects and that the Defendant Corporation have such other, further and different relief as to this Court may seem just, proper and equitable in the premises.

Dated: Brooklyn, New York
September 12, 2007

**RICHARD S. BONFIGLIO, ESQ.[RSB 7778]**