EXHIBIT 1

*The Law Firm of*
# RICHARD S. BONFIGLIO, ESQ.
*Attorney & Counselor At Law*

|  |  |
|---|---|
| *Offices at* | **Phone:** (718) 833 - 5573 |
| *238 - 92nd Street* | *Facsimile:* (718) 833 - 5571 |
| *Brooklyn, New York 11209 - 5702* | *E-Mail* sudoctor@aol.com |

March 13, 2007

**By certified mail, return receipt requested**
**Article No. 70062760000459234003**
**and by Regular U.S. First Class mail**

O'Dwyer & Bernstein, LLP
52 Duane Street
New York, New York 10007

Attention:   Jason Fuiman, Esq.

Re:   NYC District Council of Carpenters
Pension Fund, et al v.
B&A Interiors, Ltd.
Our File No. 1202.299

Dear Mr. Fuiman:

I have been engaged by B&A Interiors, Ltd. in connection with the Council's claim for additional contributions. I am aware of the Arbitrator's award entered, on default in appearance by B&A, after the arbitration scheduled for February 13, 2007. I am advised by Alex Caperna, the sole shareholder and officer of the corporation that the default was occasioned by his mis-calendaring the date the arbitration was noticed for.

Having reviewed the available records of the corporation, inclusive of the audit reports furnished by the Council, the actual payroll records and the correspondence between the parties, I am of the opinion that B&A is possessed of a meritorious defense to most, if not all of the additional contributions claimed. I point specifically to those audit reports rendered with specific iterations of dates alleged to have been worked by various claimants of benefits. The payroll records provided me, clearly show the claimant was not employed on the dates claimed; and, same are consistent with both pay stubs and quarterly withholding tax returns filed with both the Federal and New York State tax authorities.

Accordingly, it is my intention to move in Supreme Court to vacate the default and restore the matter to the arbitration calendar as soon as you move to confirm the award as a judgment. As some of the audit reports heretofore furnished my client are lacking the detailed iteration of specific dates worked for specific employees, I will likewise be seeking discovery of appropriately annotated audit records that are consistent with the more detailed records furnished in conjunction with the application for vacatur.

Being cognizant of the fact that it was my client's error which caused the cost of the missed arbitration, I am prepared to have the Referee's fee reimbursed forthwith by my client if you will voluntarily consent to vacate the default and proceed on the merits. Kindly advise of your position on this matter.

Jason Fuiman, Esq.
March 13, 2007
Page - 2 -

As this letter is addressed to possible settlement of the above described matter, no part hereof may be offered in evidence in any proceeding hereinafter conducted on the merits of the claim or any defense thereto.

Thank you for your anticipated cooperation and courtesies.

Very Truly Yours,

The Law Firm

By: _____
RICHARD S. BONFIGLIO, ESQ.

RSB/bhs
cc:   Alex Caperna