EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND and THE NEW YORK
CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT AND COOPERATION FUND, by
MICHAEL J. FORDE and PAUL O'BRIEN,
as TRUSTEES,

      Plaintiffs,

   -against-

B&A INTERIORS, LTD.,

      Defendant.
----------------------------------------------------------------X

ANSWER, AFFIRMATIVE
DEFENSES AND COUNTER-
CLAIM

Defendant, B&A INTERIORS, LTD., by its attorney, RICHARD S. BONFIGLIO, ESQ.,

by way of Answer to the Plaintiffs' Complaint, respectfully alleges as follows:

  1.  That it lacks knowledge sufficient to form a belief as to the truth of the allegations made in the paragraphs denominated as Nos. 5 and 6 of the Complaint.

  2.  That it admits an award was made by an arbitrator on February 20, 2007, as alleged in the paragraph denominated as No. 12 of the Complaint, and denies each and every other allegation made therein, as said award was entered on an unintentional default in appearing by the Answering Defendant.

of the Complaint.

3. That it admits an arbitrator found that the Answering Defendant failed to make contributions, as alleged in the paragraph denominated as No. 13 of the Complaint, and denies each and every other allegation made therein, as said determination was made on an unintentional default in appearing by the Answering Defendant.

4. That it admits an arbitrator awarded interest, as alleged in the paragraph denominated as No. 14 of the Complaint, and denies each and every other allegation made therein, as said determination was made on an unintentional default in appearing by the Answering Defendant.

5. That it denies each and very allegation made in the paragraph denominated as No. 15 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. The Plaintiffs' fail to state a claim upon which relief can be granted.

## AS AND FOR A FIRST COUNTER CLAIM

1. The Answering Defendant is a domestic corporation, duly organized and existing under the laws of the State of New York.

2. In or about January, 2007, the Answering Defendant received written notice of Plaintiffs' intent to arbitrate a dispute between the parties pertaining to an alleged deficiency in payment of contributions by the Answering Defendant.

3. The deficiencies alleged by Plaintiffs were based upon an audit of the Answering Defendant's books and records made by Plaintiffs' auditors during 2006.

4. Upon receipt of the Plaintiffs' auditor's report, Alex Caperna, the sole shareholder of the Answering Defendant, made timely complaint to Plaintiffs that the said audit report was insufficiently documented so as to permit the Answering Defendant to rebut the allegations of

Page 2 of 5

deficiency made therein.

5. Specifically, Plaintiffs' audit report was supported in part with a document denominated as the NYDCC Audit Hours by Week Ending Date, for the period July 1, 2002 through March 31, 2006.

6. That document supplied the Answering Defendant with sufficient particularity as to the identity of the employee, the specific pay period, by week and other information sufficient to enable the Answering Defendant to refute the asserted deficiencies with respect to both employees for whom a deficiency was alleged.

7. The Plaintiffs' audit report was not supported with a comparable NYDCC Audit Hours by Week Ending Date, for the period July 1, 2000 through June 30, 2001, for which period substantial deficiencies were alleged, but for which the Answering Defendant had no ability to refute because of the lack of particularity as to the identity of the employee, and the specific pay period, by week, for which such deficiencies were asserted.

8. The said Alex Caperna, acting on behalf of the Answering Defendant wrote to the Plaintiffs letter dated October 24, 2006, and requested particulars of the alleged deficiencies for the period July 1, 2000 through June 30, 2001 comparable to those provided for the period July 1, 2002 through March 31, 2006.

9. Plaintiffs instead served notice of intention to Arbitrate.

10. Upon receipt of the notice setting the date, time and place for the Arbitration, Mr. Caperna inadvertently mis-calendared the date as February 20, 2007 instead of February 13, 2007.

11. Prior to the date set for Arbitration, Mr. Caperna again acting on behalf of the Answering Defendant wrote to the Plaintiffs letter dated February 6, 2007, reiterating his request for

Page 3 of 5

adequate particulars of the alleged deficiencies for the period July 1, 2000 through June 30, 2001; and, advising Plaintiffs of his intention to appear at the Arbitration and defend same.

12. Because of the inadvertent mis-calendaring of the date for Arbitration, the Answering Defendant failed to appear on the date set in the notice and on February 20, 2007 an Arbitrator issued and Opinion and Award, on default, awarding the Plaintiffs the total alleged deficiencies.

13. The deficiencies alleged by the Plaintiffs are erroneous and not supported by the books and records of the Answering Defendant.

14. The failure or refusal of the Plaintiffs to furnish the Answering Defendant with sufficient particulars to fully refute the alleged deficiencies is likewise unlawful and improper.

15. The Answering Defendant's failure to appear at the Arbitration was neither intentional nor due to willful neglect.

16. The Answering Defendant is possessed of a meritorious defense to the Plaintiffs' claims.

17. The Answering Defendant has no adequate remedy at law.

**WHEREFORE**, the Answering Defendant demands judgement as follows:

1. Dismissing the Complaint in its entirety and each and every cause of action set forth therein.

2. Granting the Answering Defendant judgment on the counter-claim, vacating the Arbitrator's Award in its entirety; restoring the matter to the Arbitration Calendar, and, directing the Plaintiffs to supply the Answering Defendant, prior to such restoration, with adequate particulars of any alleged deficiencies for the period July 1, 2000 through June 30, 2001 having the equivalent particularity as that supplied for the period July 1, 2002 through March 31, 2006.

Page 4 of 5

3. Awarding the Answering Defendant its costs and disbursements of suit; including, but not limited to by reason of specification, a suitable allowances for attorneys fees.

4. During the pendency of this action granting the Answering Defendant such *pendente lite* and ancillary relief as to the Court may seem just and proper in such case made and presented.

5. Granting the Answering Defendant such other further and different relief as to the Court may seem just, proper and equitable.

Dated: Brooklyn, New York
September 12, 2007

Yours, etc.,
The Law Firm of
RICHARD S. BONFIGLIO, ESQ.

By: _____
RICHARD S. BONFIGLIO, ESQ.[RSB 7778]
suedoctor@aol.com
238 - 92nd Street
Brooklyn, NY 11209-5702
718-833-5573
**Attorney for Defendant**

To:  Andrew Grabois, Esq. [AG3192]
O'Dwyer & Bernstein, LLP
59 Duane Street
New York, New York 10007
Attorneys for Plaintiffs

Page 5 of 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS WELFARE FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS VACATION FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS CHARITY FUND and THE NEW YORK CITY AND VICINITY CARPENTERS LABOR MANAGEMENT AND COOPERATION FUND, by MICHAEL J. FORDE and PAUL O'BRIEN, as TRUSTEES,

Plaintiffs,

-against-

B&A INTERIORS, LTD.,

Defendant.

----------------------------------------------------------------------X

**NOTICE OF CROSS-MOTION**
**AFFIDAVIT OF ALEX CAPERNA**
**AFFIRMATION OF RICHARD S. BONFIGLIO**

**The Law Firm of**
***RICHARD S. BONFIGLIO, ESQ.***
**238 - 92nd Street**
**Brooklyn, New York 11209-5702**
**E-mail:suedoctor@aol.com**
**Telephone: (718) 833-5573**
**Facsimile: (718) 833-5574**

To:

Service of a copy of the within is hereby admitted.
Dated:..................................20.......

Attorney(s) for

.......................................................