UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN               07 CV 5620 (RJS)
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND and THE NEW YORK
CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT AND COOPERATION FUND, by
MICHAEL J. FORDE and PAUL O'BRIEN,
as TRUSTEES,


                    Plaintiffs,

     -against-

B&A INTERIORS, LTD.,

                    Defendant.
-------------------------------------------------------------------------X

   MEMORANDUM OF LAW OF DEFENDANT, B&A INTERIORS, LTD., IN
OPPOSITION TO MOTION TO ENTER JUDGMENT ON ARBITRATION AWARD
   AND IN SUPPORT OF MOTION TO VACATE DEFAULT IN APPEARING


                              RICHARD S. BONFIGLIO, ESQ. (RSB7778)
                              238 - 92nd Street
                              Brooklyn, New York 11209-5702
                              suedoctor@aol.com
                              Telephone (718) 831-5573
                              Facsimile  (718) 833-5571
                              Attorney for Plaintiff, B&A INTERIORS, LTD.

                              RICHARD S. BONFIGLIO, ESQ.
                              On the Brief

## TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -iii-

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 1 of 11

STANDARD FOR REVIEW.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 4 of 11

VACATUR OF THE DEFAULT IN PLEADING. . . . . . . . . . . . . . . . . . . . . . . . . Page 5 of 11

VACATUR OF THE DEFAULT IN APPEARING AT THE ARBITRATION.. . . . Page 7 of 11

CONCLUSIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 11 of 11

## TABLE OF AUTHORITIES

**FEDERAL STATUTES**

29 U.S.C. §185.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 3 of  11, Page 8 of  11, Page 9 of  11

9 U.S.C. § 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 8 of  11, Page 9 of  11

9 U.S.C. § 12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 8 of  11, Page 9 of  11

9 U.S.C. §10. .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 8 of  11


**FEDERAL RULES**

Fed. R. Civ. P. 55(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 6 of  11

Fed. R. Civ. P. 60(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 6 of  11

Fed.R.Civ.P 55. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 4 of  11

Fed.R.Civ.P 60. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 4 of  11


**FEDERAL CASES**

*D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006). . . . . . . . . . . . . . Page 5 of  11

*Sine v. Local No. 992 International Brotherhood of Teamsters*, 644 F.2d 997 (4th Cir. 1981)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 9 of  11

*In re an Arbitration Between Harry Hoffman Printing Inc.*, 912 F.2d 608 (2d Cir. 1990)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 8 of  11

*International Union United Furniture Workers of America v. Colonial Hardwood Floor Co.*, 168 F.2d 33 (4th Cir. 1948). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 9 of  11

*United Electrical Radio & Machine Workers of America v. Miller Metal Products, Inc.*, 215 F.2d 221 (4th Cir. 1954). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 9 of  11

**STATE STATUTES**

**CPLR 7511(a)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 9 of 11, Page 10 of 11

**CPLR § 7510.**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 9 of 11

**CPLR § 7511.**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 9 of 11, Page 10 of 11


**STATE CASES**

*Brentnall v. Nationwide Mutual Insurance Company*, 194 A.D.2d 537, 598 N.Y.S.2d 315 (2d Dep't 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 10 of 11

*Karlan Constr. Co. v. Burdick Assocs. Owners Corp.*, 166 A.D.2d 416, 560 N.Y.S.2d 480 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 10 of 11

*State Farm Mut. Auto Ins. Co. v. Fireman's Fund Ins. Co.*, 121 A.D.2d 529, 504 N.Y.S.2d 24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 10 of 11

*Vilceus v North Riv. Ins. Co.*, 150 A.D.2d 769, 542 N.Y.S.2d 26). . . . . . . . . . . . . Page 10 of 11

**PRELIMINARY STATEMENT**

Plaintiffs have moved this Court for an Order to confirm an arbitration award dated February 20, 2007 against the Defendant, made on its default in appearing at the arbitration and to enter Judgment thereon against the Defendant on its default in appearing.

Defendant seeks to cross-move this Court for an Order vacating its default in pleading and if granted, to interpose an answer with a counter-claim seeking to vacate its default in appearing at the arbitration.

Plaintiffs are various component parts of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO.

Defendant is a domestic New York corporation engaged in the woodworking industry which employs union carpenters.

Plaintiffs and Defendant were parties to a collective bargaining agreement effective for the period July 1, 2001 through June 30, 2006.

Defendant alleges that Plaintiffs caused a series of audits to be made of its books and records to determine the accuracy of its contributions for its employees, which culminated in an audit report rendered in October, 2006, which purported to cover the period July 1, 2000 through January 27, 2006.

Defendant alleges that Plaintiffs' audit report had two (2) components, the first, covering the period July 18, 2002 through January 27, 2006, which was supported, in part, by a document entitled "NYDCC Audit Hours by Week Ending Date," which made a detailed comparison of the payroll records and audit findings with respect to Defendant's weekly payrolls iterating each employee in the periods covered and showing extensions of precisely how any alleged deficiency was determined.

Defendant alleges that such report alleged a total of 28 hours of deficiency in contributions for two (2) employees, to wit, Aubrey E. Jacobs and Paul Tropea, expressly for the week ended November 19, 2004 as regards the former, and, for the week ending March 18, 2005 as regards the latter.

Defendant alleges that on the basis of its existing payroll records, both alleged deficiencies were erroneous.

Defendant alleges that the second component of Plaintiffs' audit report, covering the period between July 1, 2000 and December 31, 2001, was unsupported by an equivalent "NYDCC Audit Hours by Week Ending Date," and instead supported solely by a document entitled "NYDCC Fringe Benefit Audit Deficiency," which allege an additional 691.5 hours of deficiency, without the equivalent detail and iterations as to employee and weeks worked which would enable Defendant to challenge the assertions of deficiency in the same manner as for the period July 18, 2002 through January 27, 2006.

Defendant alleges that in response to the audit report, on October 24, 2006 it wrote the Plaintiffs and requested details for the period July 1, 2000 and December 31, 2001 having the same degree of particularity as that for the period July 18, 2002 through January 27, 2006.

Defendant alleges that instead of supplying the requested particulars, Plaintiffs served a Notice of Intention to Arbitrate.

Defendant alleges that in response to the Notice, it again wrote the Plaintiffs, by letter dated February 6, 2007, and reiterated its request for particulars, indicating that without such detail, any arbitration would be a waste of everyone's time, but also indicating its intention to appear at the Arbitration to defend against the claimed deficiencies.

Defendant alleges that through inadvertence, it mis-calendered the date for arbitration and failed to appear.

Defendant alleges that promptly upon receipt of the Arbitration Award entered on default, it retained legal counsel, through whom *vacatur* of the award was requested of Plaintiffs' counsel in conjunction with an offer to pay the costs fomented by its failure to appear and with a request for the missing particulars.

Defendant alleges that Plaintiffs' counsel, by telephone, offered another audit, and, shortly thereafter commenced an action to enter judgment on the Arbitration Award, however, in doing so, served the Secretary of the State of New York with process, and neither mailed a copy of same to the Defendant at the address where all other notices had been sent, nor to Defendant's counsel.

Defendant alleges that as a result, it did not receive notice of the commencement of the action to timely answer same, which in turn resulted in Plaintiffs' motion to enter default judgment on the action to confirm the Arbitration Award.

As pleaded by Plaintiffs, jurisdiction was predicated, in part, upon the assertion that it was based on the provisions of Section 301 of the Labor management Relations Act, **29 U.S.C. §185.**

Defendant served opposition to that application and sought to relieve itself of its default in pleading by cross-motion, which, if granted, would seek to interpose a counter-claim to vacate the Arbitration Award.

## STANDARD FOR REVIEW

The within dispute involves the confluence of two sets of applications arising out of a dispute as to the proper amount of contributions due Plaintiffs for employees of the Defendant pursuant to their collective bargaining agreement. Same was fomented initially by the Defendant's alleged inadvertent failure to attend an arbitration hearing, which resulted in an award having been made on default in appearing. Thereafter, the Defendant, alleging lack of notice, defaulted in pleading in connection with Plaintiffs' action to confirm the arbitration award.

Plaintiffs' application for entry of default judgment in this action is determinable under the provisions of **Fed.R.Civ.P 55.**

Defendant's application for relief from the proposed entry of default judgment in this action is determinable partly under the provisions of **Fed.R.Civ.P 55** and partly under the provisions of **Fed.R.Civ.P 60.**

Defendant's application for relief from the arbitration award is determinable partly under the provisions of the New York Civil Practice Law & Rules §§ 7510 and 7511, and partly under the provisions of **Fed.R.Civ.P 55** and **Fed.R.Civ.P 60.**

### *VACATUR* OF THE DEFAULT IN PLEADING

As the instant matter involves two (2) defaults, one in appearing and one in pleading, this Memorandum will work backwards in time so as to deal with the most recent default first.

It was conceded by the Defendant in its moving papers that it defaulted in pleading in the instant action, because it never received actual notice of the commencement of the action in sufficient time to timely answer the complaint.

It was further conceded by the Defendant in its moving papers that as a result of its default in pleading, the Plaintiffs' moved for entry of judgment, confirming the Arbitration Award.

For the reasons set forth at length below, it is respectfully submitted that the Plaintiffs' motion should be denied and the Defendant's default be vacated with leave to serve and file its proposed answer and counter-claim seeking *vacatur* of the Arbitration Award.

Plaintiffs' claim for entry of default judgment is predicated on **Fed. R. Civ. P. 55(b)(2)**, which provides, in pertinent part, that a judgment may be entered on default by the Court and:

> "...If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States..."

It is respectfully submitted that because the default upon which Plaintiffs seek to enter judgment pertains to their action to confirm the arbitration award, that the application is inappropriate and should be denied.

This contention is based upon the holding in *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006), which provides:

> "...We conclude that default judgments in confirmation/vacatur proceedings are generally inappropriate. A motion to confirm or vacate an award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself, that may resolve many of the merits or at least command judicial deference. When a court has before it such a record, rather than only the allegations of one party found in complaints, the judgment the court enters should be based on the record. It does not follow, of course, that the non-movant can simply ignore such a motion. If the non-movant does not respond, its failure to contest issues not resolved by the record will weigh against it..." 462 F.3d at 109

Notably, Plaintiffs did not annex a copy of the agreement to arbitrate to their complaint or to their moving papers, and rely solely on the arbitration award decision itself, which was entered on a default in appearing by Defendant.

Equally importantly, the Defendant has shown this Court that it has a *bona fide* basis for being relieved of its default in pleading.

**Fed. R. Civ. P. 55(b)(2)** provides, in pertinent part, that, "...For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

**Fed. R. Civ. P. 60(b)(2)** provides, in pertinent part, that,

> "...On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;...(3) fraud...or other misconduct of an adverse party; ...or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken..."

Defendant has shown that its default in pleading was occasioned by its failure to get notice in the first instance, because service was made on the Secretary of State and thus forwarded to an address no longer used by the Defendant.

Significantly, Defendant has shown that all correspondence and notices between the Plaintiffs

and the Defendant were addressed to the latter at its actual business premises, except the service of the Summons and Complaint, which was served through the Secretary of State, which had not been advised of a change of address that took place over twenty years ago.

Upon receipt of the moving papers to enter default judgment, which were served by regular mail at the Defendant's actual business address, the Defendant timely served its opposition to that application and requested the affirmative relieve of *vacatur* of its default in pleading, with the intention of seeking, in its answer and counter-claim, *vacatur* of its default in appearing at the Arbitration.

It is conceded by the Defendant that whether it has a meritorious defense sufficient to warrant *vacatur* of its default in appearing at the Arbitration, will necessarily determine the merits of its application to secure *vacatur* of its default in pleading, such that this Memorandum now addresses that issue.

### *VACATUR* OF THE DEFAULT IN APPEARING AT THE ARBITRATION

It was conceded by the Defendant in its moving papers that it received notice of the Arbitration and through inadvertence in calendaring the date for same, failed to appear on the actual date specified. The issue is thus whether it may be relieved of that default and the answer turns on whether it is possessed of a meritorious defense and has timely sought to purge its default.

The Defendant, in its moving papers, set forth with particularity the basis for its allegation that it is possessed of a meritorious defense. Simply put, it was able to refute the only two instances of alleged underpayment made by Plaintiffs, in the period for which sufficient particulars were provided. It is likewise unable to respond to and refute the balance of the alleged underpayments because of deficiencies in the reporting of same by Plaintiffs.

Defendant requested the missing particulars in two (2) separate writings, both of which the Plaintiffs ignored.

Nevertheless, as Defendant can refute all of the allegations of underpayment for which it has complete particulars, it believes it can do likewise with the remaining allegations, if the requested particulars are furnished.

This leaves the timeliness issue.

Plaintiffs erroneously allege the time within which the Defendant could move to vacate the Arbitration Award is governed by the provisions of the Federal Arbitration Act, **9 U.S.C. § 1**, *et seq.*

For the reasons set forth at length below, it is respectfully submitted that the Defendant's time to seek *vacatur* of the Arbitration Award is governed by the provisions of New York State statutory and decisional law, and not the provisions of the Federal Arbitration Act, **9 U.S.C. § 1**, *et seq.*

Although the United States (Federal) Arbitration Act provides for a three month limitations' period for a suit to vacate or modify an arbitration award, (**9 U.S.C. § 12**) the act also expressly states that it is inapplicable to actions concerning contracts of employment of workers engaged in interstate commerce, **9 U.S.C. § 1**, of which both the underlying action and arbitration are predicated upon.

This notion has regularly and consistently been upheld by the Federal courts. See, *e.g.*, *In re an Arbitration Between Harry Hoffman Printing Inc.*, 912 F.2d 608 (2d Cir. 1990), which provided, in pertinent part,

> "...This is an appeal from a judgment entered in the United States District Court for the Western District of New York, Elfvin, J., dismissing appellants' petition to vacate an arbitration award as barred by the statute of limitations. The petition sought vacatur of the award pursuant to section 301 of the Labor Management Relations Act (LMRA), **29 U.S.C. § 185**, and section 10 of the United States Arbitration Act ("Arbitration Act" or "Act"), **9 U.S.C. §10.** The district court held that New York's ninety day time limit on applications to vacate arbitration awards, N.Y. Civ. Prac. L.

& R. **CPLR 7511(a)** (McKinney 1980), applies to appellants' petition, rather than the three month statute of limitations contained in section 12 of the Arbitration Act, **9 U.S.C. § 12**. The court further held that the petition was untimely under the New York statute. We conclude that the New York statute of limitations does apply, but that the petition was timely brought. Accordingly, we vacate the district court's judgment and remand for consideration of the merits of appellants' petition.."

See, also, *Sine v. Local No. 992 International Brotherhood of Teamsters*, 644 F.2d 997 (4th Cir. 1981).

"...The plaintiffs brought this action to vacate the arbitrator's award under the United States Arbitration Act and §301 of the LMRA, **29 U.S.C.§ 185**. (footnote omitted) The United States Arbitration Act provides for a three month limitations' period for a suit to vacate or modify an arbitration award. **9 U.S.C. § 12**. However, the act also expressly states that it is inapplicable to actions concerning contracts of employment of workers engaged in interstate commerce, **9 U.S.C. § 1**, and this court has held that the exclusionary provision applies in cases such as the one before us here. *United Electrical Radio & Machine Workers of America v. Miller Metal Products, Inc.*, 215 F.2d 221 (4th Cir. 1954); *International Union United Furniture Workers of America v. Colonial Hardwood Floor Co.*, 168 F.2d 33 (4th Cir. 1948)..."

Accordingly, the time within which the Defendant had to move for *vacatur* in the instant action was governed by the provisions of New York State statutory and decisional law.

**CPLR § 7510**, provides, in pertinent part:

".... Confirmation of award. The court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified upon a ground specified in section 7511..."

**CPLR § 7511**, provides, in pertinent part:

".... Vacating or modifying award. (a) When application made. An application to vacate or modify an award may be made by a party within ninety days after its delivery to him. (b) Grounds for vacating. 1. The award shall be vacated on the application of a party who either participated in the arbitration or was served with a notice of intention to arbitrate if the court finds that the rights of that party were prejudiced by: (i) corruption, fraud or misconduct in procuring the award; or (ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or (iii) an arbitrator, or agency or person making the award exceeded his

power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or (iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection. 2. The award shall be vacated on the application of a party who neither participated in the arbitration nor was served with a notice of intention to arbitrate if the court finds that: (i) the rights of that party were prejudiced by one of the grounds specified in paragraph one; or (ii) a valid agreement to arbitrate was not made; or (iii) the agreement to arbitrate had not been complied with; or (iv) the arbitrated claim was barred by limitation under subdivision (b) of section 7502. (c) Grounds for modifying. The court shall modify the award if: 1. there was a miscalculation of figures or a mistake in the description of any person, thing or property referred to in the award; or 2. the arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or 3. the award is imperfect in a matter of form, not affecting the merits of the controversy. (d) Rehearing. Upon vacating an award, the court may order a rehearing and determination of all or any of the issues either before the same arbitrator or before a new arbitrator appointed in accordance with this article. Time in any provision limiting the time for a hearing or award shall be measured from the date of such order or rehearing, whichever is appropriate, or a time may be specified by the court. (e) Confirmation. Upon the granting of a motion to modify, the court shall confirm the award as modified; upon the denial of a motion to vacate or modify, it shall confirm the award.

The courts of the State of New York have consistently construed the provisions of **CPLR §§ 7510** and **7511** in tandem to reach the conclusion that despite the apparent 90 day time limit in **CPLR §7511** to move for *vacatur* of an arbitration award, a party may also await the other party's attempt to confirm same and seek *vacatur* at that time. See, *e.g.*, *Brentnall v. Nationwide Mutual Insurance Company*, 194 A.D.2d 537, 598 N.Y.S.2d 315 (2d Dep't 1993):

> "...While **CPLR 7511(a)** states that an application to vacate or modify an award shall be made by a party within 90 days after its delivery to him, the party may wait and make his arguments for vacating or modifying the award in opposition to a motion to confirm the award (see, *State Farm Mut. Auto Ins. Co. v. Fireman's Fund Ins. Co.*, 121 A.D.2d 529, 504 N.Y.S.2d 24; see also, *Karlan Constr. Co. v. Burdick Assocs. Owners Corp.*, 166 A.D.2d 416, 560 N.Y.S.2d 480; *Vilceus v North Riv. Ins. Co.*, 150 A.D.2d 769, 542 N.Y.S.2d 26)..."

On the basis of the foregoing, it is apparent that Defendant, having sought to vacate the

Page 10 of  11

Arbitration Award in response to Plaintiffs motion to confirm same, acted timely.

Accordingly, the applications for *vacatur* of both defaults should be granted.

## CONCLUSIONS

For the reasons set forth at length herein, the Defendant has shown this Court that the Plaintiffs' application to enter default judgment should be denied in all respects, the Defendant's application to vacate its default in pleading should be granted in all respects and that upon *vacatur* of such default, its proposed answer and counter-claim seeking *vacatur* of its default in appearing at an arbitration between the parties should be allowed.

Dated: Brooklyn, New York
October 1, 2007

**Respectfully Submitted,**
**The Law Firm of**
**RICHARD S. BONFIGLIO, ESQ.**

**By:   s/rsb**
   **RICHARD S. BONFIGLIO, ESQ.[RSB 7778]**
*suedoctor@aol.com*
238 - 92nd Street
Brooklyn, NY  11209-5702
718-833-5573
**Attorney for** Defendant

**RICHARD S. BONFIGLIO, ESQ.**
**On the Brief**