UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY           07 CV 5620 (RJS)
DISTRICT COUNCIL OF CARPENTERS
ANNUITY FUND, NEW YORK CITY DISTRICT              **MEMORANDUM**
COUNCIL OF CARPENTERS APPRENTICESHIP              **OF LAW**
JOURNEYMAN RETRAINING, EDUCATIONAL
AND INDUSTRY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT
COOPERATION FUND, by MICHAEL J. FORDE, and
PAUL O'BRIEN, as TRUSTEES,

                                                  Plaintiffs,

                      -against-

B&A INTERIORS, LTD.,

                                                  Defendant.
-------------------------------------------------------------------X

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of Plaintiffs' motion for default judgment. As a preliminary matter, it is important to note that the only issue before this Court is Plaintiffs' application for default judgment. This Court instructed Plaintiffs and Defendant to only brief the issue of whether there is "good cause" to grant Defendant relief from the entry of a default judgment in this matter. (See Transcript of the Hearing held before this Court dated September 19, 2007, pp. 25-26). Specifically, this Court asked that both parties focus on the third prong of the test crafted by the Second Circuit in Enron Oil Corp. v. Diakuhara, 10 F. 3d 90, 96 (2d Cir. 1994), which is

1

whether Defendant has a meritorious defense to the action brought by Plaintiffs seeking to confirm an arbitration award. (See Tr. 27).

Defendant states in its Memorandum of Law that "Defendant seeks to cross-move this Court for an Order vacating its default in pleading and if granted, to interpose an answer with a counter-claim seeking to vacate its default in appearing at the arbitration" (See Defendant's Memorandum of Law dated October 1, 2007, p. 1). Defendant's also requested that this Court should grant an application to "vacate its default in pleading" and "its proposed answer and counterclaim seeking vacatur of its default in appearing at an arbitration …should be allowed." (See Defendant's Memorandum of Law p. 11).

The relief Defendant demands in its Memorandum is improper and not relevant to the inquiry of this Court. There is presently no application "to vacate a default" in either a pleading nor in an arbitration before this Court. Moreover, there is no procedural mechanism by which this Court may entertain an application "to vacate a default" in appearing at an arbitration or in an action. Nevertheless, should the Court find merit to Defendant's "applications," Plaintiffs request leave to further address those issues in another submission.

Addressing the issue of whether Defendant has a meritorious defense to the underlying action, it is clear Defendant does not. Defendant's assertion that Plaintiffs' motion for default judgment is inappropriate in an arbitration confirmation action is irrelevant to the matter this Court asked the parties to brief and would only apply if the motion for default judgment was presently at issue.[1] Nevertheless, the appropriateness of

---

[1] In D.H. Blair & Co., the Second Circuit ruled that a motion for default judgment made pursuant to an unopposed petition to confirm an arbitration award should be treated as though it was an unopposed motion for summary judgment. 462 F.3d 95, 109 (2dCir.2006). As such, the court must examine the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for

2

the Plaintiff's motion for default judgment is not a meritorious defense to the underlying action and therefore not a reason to grant relief from the entering of a default judgment. Moreover, Defendant's argument that it may seek a vacatur of the default in appearing at the arbitration after the applicable ninety day statute of limitations period expired ignores well established law in the Second Circuit and must be rejected as a meritorious defense to Defendant's default in this action. Lastly, the award draws its essence from the collective bargaining agreement between the parties, and therefore this Court must confirm the award. Defendant has not raised even a single meritorious defense to this action and therefore Defendant should not be granted relief from the entering of a default judgment.

## FACTUAL HISTORY

Plaintiffs (herein referred to as "Benefit Funds" or "Funds") are jointly administered Taft-Hartley Trusts, which means that they are governed by a board of trustees, half of whom are appointed by the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "District Council" or "Union"), and half of whom are appointed by employers (i.e., the employers who have collective bargaining agreements with the Union). 29 U.S.C. § 186(c)(5).

The Benefit Funds are established pursuant to certain Declarations of Trust, the terms of which are incorporated by reference into the collective bargaining agreements between the Union and employers, including the aforementioned agreement between the Union and the defendant which provides for the contributions which are the subject of this action.

---

trial only when this Court is considering a motion for a default judgment. Id. at 110. Thus, D.H. Blair & Co. is not applicable to the issue of whether Defendant would have a meritorious defense to the underlying action in this case.

At all relevant times, Defendant was a signatory to a collective bargaining agreement (hereinafter referred to as "CBA") with the District Council. (said CBA is annexed as Exhibit "A" to the Declaration of Andrew GraBois dated October 12, 2007). The relevant CBA between the Union and Defendant covered the period from July 1, 2001 to June 30, 2006. (Id.)

Pursuant to Article XV, Section 1 of the CBA, Defendant agreed to make fringe benefit payments on behalf of its employees to the Benefit Funds for each hour worked by its covered employees. Pursuant to Article XV, Section 3 of the CBA, Defendant agreed to be bound by all the terms and conditions of the Agreements and Declarations of Trust creating the Benefit Funds. Article XV, Section 1 also provides that the defendant shall furnish its books and payroll records when requested by the Benefit Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions. Pursuant to Article XV, Section 7 of the CBA, Defendant agreed that either party had the right to submit to arbitration disputes concerning payment of contributions to the Benefit Funds, and that, *inter alia*, the arbitrator had full and complete authority to decide all issues raised by the submission and that such arbitration award would be final and binding. Article XII of the CBA contains a broadly phrased arbitration clause, whereby Defendant agreed to submit any dispute that may arise in connection with any claim or violation of the Agreement or of any dispute or breach that may arise in connection with the CBA or for construing the terms and provisions of the CBA to the grievance and arbitration procedures set forth in Article XII.

**PROCEDURAL HISTORY**

A dispute arose during the period of the CBA between the parties when the

Defendant failed to make sufficient benefit contributions to the Funds for the period of July 1, 2000 through March 31, 2006. (See Pg. 2 of the Arbitrator's Award annexed as Exhibit "B" to the Declaration of Andrew GraBois, dated July 20, 2007). Pursuant to the arbitration clause in the CBA, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator. Thereafter, upon due notice to all parties, the Arbitrator duly held a hearing on February 13, 2007. Despite the Employer having been sent notice of the proceeding and the claim against it, no appearance on its behalf was made. It was conceded by Defendant that it received notice of the arbitration and failed to appear on the date (See Page 7 of Memorandum of Law of Defendant dated October 1, 2007).

The Arbitrator rendered his award determining that Defendant was delinquent in its fringe benefit payments due and owing to the Funds and ordered Defendant to pay the aggregate amount of $24,597.62 with interest to accrue at the rate of 10% from the date of the award. (Id. at 4). Defendant failed to abide by the award and Plaintiffs commenced this action on June 13, 2007 by filing a summons and complaint.

## ARGUMENT

### DEFENDANT'S DO NOT HAVE A MERITORIOUS DEFENSE TO THE CONFIRMATION OF THE AWARD AS THE AWARD DRAWS ITS ESSENCE FROM THE COLLECTIVE BARGAINING AGREEMENT

The principal question for the reviewing court is whether the arbitrator's award "'draws its essence from the collective bargaining agreement,'" Saint Mary Home, Inc. v. Serv. Employees Int'l Union, Dist. 1199, 116 F.3d 41, 44 (2d Cir. 1197)(quoting In re Marine Pollution Serv., Inc., 857 F.2d 91, 94 (2d Cir.1988) and United Steelworkers of Am. v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d

1424 (1960)). When an "arbitrator explain[s his] conclusions ⋯ in terms that offer even a barely colorable justification for the outcome reached, confirmation of the award cannot be prevented by litigants who merely argue, however persuasively, for a different result." Serv. Employees Int'l Union,Dist. 1199, 116 F.3d 41, 44 (quoting Andros Compania Maritima, S.A. v. Marc Rich & Co., A.G., 579 F.2d 691, 704 (2d Cir.1978)).

The award in this matter concerned Defendant's failure to pay delinquent benefit contributions to the Plaintiffs. (See Arbitrator's Award, pg. 1) Though Defendant defaulted in the arbitration, the arbitrator heard evidence presented by the Plaintiffs and based upon that evidence and not merely on the default rendered his award. (Id. at 4). The basis for the Arbitrator's award was the testimony of Plaintiffs' auditors who conducted the audit of the Defendant. (Id. at 4). A court may not review the weight an arbitrator accords to evidence. See, Tripi v. Prudential Securities, Inc., 303 F.Supp.2d 349 (S.D.N.Y. 2003)(quoting McDaniel v. Bear Stearns & Co., Inc., 196 F.Supp.2d 343, 351 (S.D.N.Y. 2002). It is clear that the Arbitrator considered the testimony and the collective bargaining agreement and rendered his decision based solely upon that evidence. As there was more than a colorable justification for the outcome reached by the Arbitrator, which draws its essences from the Agreement, Defendant's contention that it would have a meritorious defense to the underlying action must be rejected.

### DEFENDANT HAS NO MERITORIOUS DEFENSE AS DEFENDANT IS BARRED FROM MAKING A MOTION TO VACATE THE ARBITRATOR'S AWARD BECAUSE DEFENDANT FAILED TO MOVE TO VACATE WITHIN THE REQUIRED TIME PERIOD

Defendant argues that where an action is brought in this District to confirm an arbitrator's award under Section 301 of the Labor Management Relations Act, 29 U.S.C. 185, because Section 301 does not provide a statute of limitations for vacatur or

modification of that award, the court will look to the statute of limitations in New York Civil Practice Law and Rules 7511(a) as the most appropriate period. <u>Harry Hoffman Printing, Inc. v. Graphic Communications Int'l Union, Local 261</u>, 912 F.2d 608 (2d Cir. 1990); <u>Burns Int'l. Sec. Services, Inc. v. Int'l Union, United Plant Guard Workers of Am. (UPGWA) and Its Local 537</u>, 47 F.3d 14 (2d Cir. 1995). Plaintiffs do not dispute this contention.

The applicable part of that section provides that "[a]n application to vacate or modify an award may be made by a party within ninety days after its delivery to him." CPLR 7511(a).

Defendant then argues that under New York law, where the losing party to an arbitration has failed to move to vacate or modify the award within the ninety day period, it may still raise affirmative defenses challenging the award when the prevailing party moves to confirm. Defendant cites <u>Brentnall v. Nationwide Mutual Insurance Company</u>, 194 A.D.2d 537, 598 N.Y.S.2d 315 (2d Dep't 1993) to support this contention. Defendant argues that the Court should apply this interpretation as the basis for allowing it to request vacatur or modification of the award some six months after expiration of the statute of limitations.

This argument has been soundly rejected by both the Supreme Court and the Second Circuit.

It is well settled that where a federal court borrows the appropriate limitations period in an action under Section 301 from a state, it borrows only what is necessary and must apply federal, not state, common law in interpreting that statute. <u>Textile Workers Union v. Lincoln Mills of Alabama</u>, 353 U.S. 448, 456, 77 S.Ct. 912, 1 L.Ed.2d 972

(1957); Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co., 369 U.S. 95, 103, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962); Local 502, Associated Musicians of Greater New York v. The Parker Meridien Hotel, 145 F.3d 85 (2d Cir. 1998); Skyview Owners Corp. v. Serv. Employees Intern. Union, Local 32BJ, 2004 WL 2244223 (S.D.N.Y. 2004).

Specifically with respect to the application of CPLR 7511(a) in Section 301 cases, the Second Circuit has rejected the New York state interpretation of CPLR 7511(a) that defendant argues the Court should apply here. Parker Meridien, 145 F.3d at 88. In that case, the court disagreed with the state court's interpretation of CPLR 7511(a) holding that "the grounds for vacating an arbitration award may not be raised as an affirmative defense after the period provided in the appropriate statute of limitations...has lapsed." Parker Meridien, 145 F.3d at 89; See also Local Union No. 38, Sheet Metal Workers' Int'l Ass'n v. Custom Air Sys., Inc., 357 F.3d 266 (2d Cir. 2004). Therefore the holding in Brentnall that Defendant cites is inapplicable here.

In the case at bar, Defendant concedes that its application challenging the award was submitted after the ninety day period had expired. (See Defendant's Memorandum of Law, p. 4).

In light of the foregoing, Defendant would not only be barred from making a motion to vacate the arbitrator's award, but Defendant is also estopped from raising any of the grounds for vacating an award as an affirmative defense to the underlying action.[2]

---

[2] Under CPLR § 7511 (b) an arbitrator's award may only be vacated on the application of a party who was served with a notice of intention to arbitrate if the court finds that the rights of that party were prejudiced by: (i) corruption, fraud or misconduct in procuring the award; (ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; (iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject

Moreover, absent statutory grounds for vacatur or modification of the award, courts have limited discretion in reviewing an arbitrator's award. Int'l Bd. of Elec. Workers, Local 97 v. Niagara Mohawk Power Corp., 143 F.3d 704 (2d Cir. 1998); Wackenhut Corp. v. Amalgamated Local 515, 126 F.3d 29, 31 (2d Cir.1997). As such, Defendant could not raise a meritorious affirmative defense to the underlying arbitration confirmation action and therefore Defendant should not be granted relief from the entry of a default judgment against it.

## CONCLUSION

As Defendant is barred from raising any affirmative defenses due to its failure to challenge the award within the requisite time period and the award draws its essence from the Agreement, Defendant is without a meritorious defense to the underlying action seeking to confirm the award. For all of the foregoing reasons, it is respectfully requested that this Court grant Plaintiff's motion for default judgment.

Dated: New York, New York
       October 12, 2007

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

---

matter submitted was not made; or (iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection.